```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

DEVALYN C. ROGERS,              §
                                §
      Plaintiff,                §
                                §
v.                              §    CIVIL ACTION NO. H-05-4292
                                §
JOHN W. SNOW, SECRETARY,        §
DEPARTMENT OF THE TREASURY,     §
and CARI M. DOMINGUEZ,          §
CHAIRPERSON OF THE EQUAL        §
EMPLOYMENT OPPORTUNITY          §
COMMISSION,                     §
                                §
      Defendants.               §
```

## MEMORANDUM AND ORDER

Pending is Defendant John W. Snow, Secretary of the Department of the Treasury's Motion for Summary Judgment (Document No. 42). After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the motion should be granted.

### I. Background

*Pro se* Plaintiff Devalyn C. Rogers ("Plaintiff"), who pleads that she is black, brought this employment discrimination suit against her former employer, the Internal Revenue Service ("IRS") of the Department of the Treasury ("Defendant"), alleging racial discrimination, retaliation, hostile work environment, and constructive discharge in violation of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* In her Amended Complaint, Plaintiff enumerates a multitude of alleged discriminatory, harassing, and/or retaliatory incidents that occurred at unspecified times and at the hands of largely unnamed officials of the IRS. According to Plaintiff, the IRS "systematically . . . deliver[ed] unwanted and annoying actions, including threats and demands for purposes of racial prejudice [and] personal malice" to "force [Plaintiff] to quit her job" by penalizing her for "a series of events that were at worst, minor." Document No. 6 ¶¶ 38, 110. These alleged acts by Defendant include, but are not limited to, wrongfully charging or denying Plaintiff leave without pay on various occasions, including while she was engaging in EEO activities, id. ¶¶ 5, 49-50, 65, 72, 82, 100; improperly requesting information from Plaintiff regarding her pending EEO case, id. ¶¶ 2-3; falsely or baselessly giving negative evaluations of her work performance while discounting positive reviews, id. ¶¶ 16-17, 41-42, 44-45, 47-48, 51-52, 56-57, 61-62, 64, 66-69, 71, 73, 76, 83, 90, 111; denying her union representation, id. ¶¶ 21, 46; improperly handling documentation in her personnel file, id. ¶¶ 20-21, 34, 101-02; making defamatory and demeaning comments about her, id. ¶¶ 43, 53, 55, 100; and treating her differently from other employees or in a manner otherwise inconsistent with Defendant's own policies and procedures, id. ¶¶ 18-19, 59, 58, 60, 63, 99-100, 103, 109.

Plaintiff also complains of her unsolicited detailing by Defendant into other work groups within the agency, id. ¶¶ 1, 79, 84-85, 87-89, 100, 104, 106; the purported failure by the Commissioner of the IRS, Charles O. Rossotti, appropriately to investigate Plaintiff's complaints regarding retaliatory and discriminatory conduct at Defendant's Houston office, as he had those of a Caucasian employee, id. ¶¶ 24-33; and her alleged constructive discharge from the IRS, id. ¶¶ 6, 38.  The Amended Complaint additionally references three discrete incidents in which (1) an unidentified "management official" "hit [Plaintiff] with a wheelchair . . . because he was angry with [her]," id. ¶ 74; (2) an IRS official, Barbara Craney, violated an established policy by refusing to allow Plaintiff to leave Craney's office after Plaintiff requested a union representative, which Plaintiff alleges was assault and kidnapping, id. ¶ 92; and (3) Plaintiff was suspended after engaging in "heated discussion" with a union steward, which resulted in her being escorted out of the office by IRS officials, id. ¶¶ 107-08.  Finally, Plaintiff alleges misconduct by IRS officials in the prior EEOC hearing, and before this Court.  Id. ¶¶ 4, 6, 8, 12-14, 94.

Many, if not all, of the foregoing allegations in the Amended Complaint were expressly or inferentially addressed during the prior administrative hearing before the Equal Employment Opportunity Commission.  Document No. 42 ex. 1 at 2-3.  In that

3

proceeding, Administrative Law Judge Tony Guillory found against Plaintiff on her hostile work environment, retaliation, and employment discrimination claims, which decision was upheld on appeal. Id. ex. 1 at 4-8, ex. 2 at 1-2. Plaintiff timely filed this suit. Defendant now moves for summary judgment, contending, among other things, that Plaintiff's claims must be dismissed for lack of evidence supporting a *prima facie* case of employment discrimination, retaliation, or hostile work environment.

## II.   Summary Judgment Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists

will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986).  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id.  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  Anderson, 106 S. Ct. at 2513.

### III.  Discussion

Defendant contends that Plaintiff has "offered nothing more than naked allegations" in support of her employment discrimination, retaliation, and hostile work environment claims.

Document No. 42 at 1. Plaintiff dedicates the entirety of her response to detailing numerous errors and oversights allegedly committed by the Administrative Law Judge in the prior administrative proceeding. Document No. 43. Section 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c), entitles federal employees to *de novo* adjudication of their employment discrimination claims, so long as they have properly exhausted those claims by filing a charge with the EEO division of their agency. *See* Chandler v. Roudebush, 96 S. Ct. 1949, 1956-57 (1976) (holding *de novo* review applicable to Title VII claims by federal employees); Pacheco v. Mineta, 448 F.3d 783, 787-88 (5th Cir. 2006) (addressing the administrative exhaustion requirement). It follows that an employee's rejection of the administrative ruling in favor of filing suit constitutes an election of *de novo* review of her claims. *See, e.g.*, Massingill v. Nicholson, 496 F.3d 382, 384 (5th Cir. 2007)(explaining that upon a federal employee's exhaustion of administrative remedies, she may either file "suit to enforce the final administrative decision," or sue for "*de novo* review of the disposition").

Here, Plaintiff has acquiesced to *de novo* review by filing her claims in this Court. Although the findings of Judge Guillory are admissible as evidence, his conclusions have no preclusive effect in this case. *See* Chandler, 96 S. Ct. at 1961 & n.39. Stated differently, the ultimate question before the Court is not whether

Judge Guillory committed procedural or other errors in the prior administrative hearing that warrant reversal of his decision, but rather, whether Plaintiff now presents the requisite summary judgment evidence to raise genuine issues of material fact on allegations that Defendant violated her rights under Title VII. The fundamental defect in Plaintiff's opposition to Defendant's no evidence Motion for Summary Judgment is that Plaintiff indeed has provided no verified proof, no deposition testimony, no answers to interrogatories, no admissions on file, no affidavits, in short, no evidence whatever to raise a genuine issue of material fact on each essential element of each of her claims so as to avoid summary judgment and warrant a trial.

A.   Employment Discrimination Under Title VII

Title VII proscribes an employer from terminating or otherwise discriminating against any individual because of that individual's race.   42 U.S.C. § 2000e-2(a)(1).   The Title VII inquiry is "whether the defendant intentionally discriminated against the plaintiff."   Roberson v. Alltel Info. Servs., 373 F.3d 647, 651 (5th Cir. 2004).  Because Plaintiff presents no direct evidence of discrimination, her claim is analyzed using the familiar framework set forth in McDonnell Douglas Corp. v. Green, 93 S. Ct. 1817 (1973).   Id.   "Under that framework, the plaintiff must first establish a prima facie case of discrimination, which requires a

showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007).

It is undisputed that Plaintiff, who is black, is a member of the protected group, and Defendant does not appear to challenge Plaintiff's qualifications. However, even assuming that Plaintiff was subjected to an "adverse employment action,"[1] she presents no evidence that Defendant treated her differently than similarly-situated but non-African-American employees. *See, e.g.*, Wheeler v. BL Dev. Corp., 415 F.3d 399, 406 (5th Cir. 2005)("To establish disparate treatment, a plaintiff must demonstrate that a 'similarly situated' employee under 'nearly identical' circumstances[ ] was treated differently."). Indeed, she offers nothing beyond the bare assertions in her Amended Complaint that Defendant subjected her to an unsolicited detail, failed to investigate her claims, disciplined her, "forced her" to resign, or subjected her to other

---

[1] For instance, Plaintiff claims that Defendant's actions resulted in her constructive discharge. Because the Court assumes *arguendo* the existence of an adverse employment action, it need not address whether Defendant constructively discharged her by "mak[ing] working conditions so intolerable that a reasonable employee would feel compelled to resign." Hunt v. Rapides Healthcare Sys., 277 F.3d 757, 771 (5th Cir. 2001).

alleged "unwanted and annoying actions" because of her race. Document No. 6 ¶ 38. These unsubstantiated allegations are not substitutes for competent summary judgment evidence. *See, e.g.*, Park v. Stockstill Boat Rentals, Inc., 492 F.3d 600, 605 (5th Cir. 2007)(rejecting the non-movant's reliance on "mere conclusory allegations or denials in his pleadings" in defense of summary judgment). It is Plaintiff's burden to "present evidence--not just conjecture and speculation--that the defendant . . . discriminated against [P]laintiff on the basis of her race." Grimes v. Tex. Dep't of Mental Health & Mental Retardation, 102 F.3d 137, 140 (5th Cir. 1996). Because Plaintiff has wholly failed to meet this burden, Defendant is entitled to summary judgment on Plaintiff's employment discrimination claim.

B.   Retaliation

Plaintiff also asserts that Defendant retaliated against her for filing claims with the EEO. To establish a prima facie case of retaliation under Title VII, 42 U.S.C. § 2000e-3(a), Plaintiff must show that: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action. *See* Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 319 (5th Cir. 2004); Roberson, 373 F.3d at 655. An "adverse employment action" is one that "might have dissuaded a

9

reasonable worker from making or supporting a charge of discrimination." <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 126 S. Ct. 2405, 2415 (2006) (internal quotation marks omitted). Additionally, "[i]n order to establish the causal link between the protected conduct and the illegal employment action as required by the prima facie case, the evidence must show that the employer's decision . . . was based in part on knowledge of the employee's protected activity." <u>Sherrod v. Am. Airlines, Inc.</u>, 132 F.3d 1112, 1122 (5th Cir. 1998).

Assuming that Plaintiff engaged in protected activity, she presents no evidence, as she must, substantiating that any or all of Defendant's alleged actions would have dissuaded a reasonable employee from challenging acts of discrimination by Defendant. She additionally fails to provide evidence that Defendant undertook any retaliatory actions against her--including her alleged constructive discharge--based on her engagement in protected activity. Accordingly, Plaintiff has not satisfied her *prima facie* burden, and Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

C.   <u>Harassment/Hostile Work Environment</u>

Plaintiff's claim that Defendant subjected her to a racially hostile work environment also fails, and for substantially the same reasons. To establish a prima facie case on this claim, Plaintiff

10

must show: (1) that she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment affected a term, condition, or privilege of employment, and (5) Defendant knew or should have known of the harassment, yet failed to take prompt remedial action. Felton v. Polles, 315 F.3d 470, 483-84 (5th Cir. 2002).  In particular, Plaintiff has offered no evidence substantiating that the alleged instances of objectionable conduct were racially-motivated, and her own subjective beliefs to that effect, as articulated in her Amended Complaint and response to summary judgment, cannot create a genuine issue of material fact.  *Cf.* Wallace v. Tex. Tech Univ., 80 F.3d 1042, 1049-50 (5th Cir. 1996) (rejecting allegations regarding racist remarks unsupported by record evidence, and affirming summary judgment for the defendant on a claim of hostile work environment).  Accordingly, Defendant is entitled to summary judgment on Plaintiff's hostile work environment claim.[2]

---

[2] To the extent that Plaintiff's allegations that Defendant denied her medical leave during her pregnancy, and retaliated against her for publishing a report accusing the IRS of covering-up the source of an outbreak of Legionnaire's disease in an agency building, may arguably state additional claims under the Family Medical Leave Act and the First Amendment, respectively, *see* Document No. 6 ¶¶ 48-49, 80-81, and further assuming that she exhausted her administrative remedies with respect to these claims, Plaintiff has produced no evidence substantiating these allegations.  Summary judgment on these claims is therefore proper.

IV.  <u>Order</u>

For the reasons set forth, it is hereby

ORDERED that Defendant John W. Snow, Secretary of the Department of the Treasury's Motion for Summary Judgment (Document No. 42) is GRANTED, and Plaintiff Devalyn C. Rogers's claims are DISMISSED on the merits.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 2nd day of January, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE